IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES HEAD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-22-339-SLP |
| | ) |
| WARDEN K. ZOOK, | ) |
| | ) |
| Respondent. | ) |

# **O R D E R**

Before the Court is the Report and Recommendation [Doc. No. 21] issued by United States Magistrate Judge Suzanne Mitchell upon referral of this matter, *see* 28 U.S.C. § 636(b)(1)(B) and (C). Judge Mitchell recommends denying Petitioner's request for habeas relief on the merits. Petitioner has filed an Objection to the Report and Recommendation [Doc. No. 22]. The Court must make a de novo determination of any portions of the Report to which a proper objection is made, and may accept, reject or modify the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

## I.   **Background**

Petitioner, a federal prisoner appearing pro se, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241 based on an alleged failure of the Bureau of Prisons ("BOP") to timely credit his sentence with credits he claims he earned under the First Step Act of 2018 ("FSA"). Pet. [Doc. No. 1] at 6 ("BOP has not awarded me any of my time —reducing my sentence by one year, effectively—as mandated by the [FSA]"). He asks the Court to "issue an injunction compelling the BOP to immediately calculate and award" him with

one year of FSA credits earned "by participating in programs and working while in the BOP." *Id*. at 7.

As fully explained in the Report and Recommendation ("R&R"), Petitioner was sentenced in 2014 in the United States District Court for the Eastern District of California to a total term of 420 months' imprisonment based on consecutive sentences in two separate cases, both of which involved convictions for various counts of Mail Fraud and Conspiracy to Commit Mail Fraud. R&R [Doc. No. 21] at 2-3. At the time the R&R was filed, the BOP projected Petitioner's release date, with good conduct time, to be February 14, 2041. *Id.* at 3.

Respondent moved to dismiss the Petition, asserting: (1) Petitioner has not exhausted his administrative remedies; (2) Warden Zook is not the proper Respondent because Petitioner is no longer within this Court's jurisdiction; and (3) Petitioner's claim is premature and therefore fails on the merits. [Doc. No. 19] at 4-12. Petitioner responded to the Motion, arguing: (1) he did attempt to utilize the administrative process, and any further exhaustion attempts are futile; (2) Warden Zook is the proper Respondent because Petitioner was located at the Federal Transfer Center ("FTC") in Oklahoma City when he filed his action; and (3) his claim was not premature because his injury began when the BOP failed to credit his sentence on January 22, 2022. [Doc. No. 20] at 1-7.

The R&R recommends that the Court deny the Petition on the merits. [Doc. No. 21] at 2, 13. In pertinent part, Judge Mitchell concludes FSA time credits are not applied towards a prisoner's sentence until the prisoner has first earned credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." *Id.* at 11-12

(citing 18 U.S.C. § 3624(g)(1)(A) and 28 C.F.R. § 523.44(b)(1)).  Judge Mitchell notes Petitioner does not dispute he had earned only one year of FSA time credits, and he therefore acknowledges he has not earned credits equal to his remaining term of imprisonment.  *Id.* at 12.  Accordingly, Judge Mitchell concludes Petitioner "fails to show he is currently eligible for application of credits to his sentence under the FSA."[1]  *Id.*

## II.   Analysis

Although styled as an "Objection," Petitioner does not actually object to any of Judge Mitchell's conclusions in the R&R.  *See* Obj. [Doc. No. 22].  First, Petitioner specifically states he "does not object to" the conclusion that exhaustion of administrative remedies would be futile.  *See id.* at 1-4.[2]  As to the merits of his claim, Petitioner "concedes that he is not entitled to the application of any FSA time credits he has earned," and he does not dispute Judge Mitchell's conclusion that he is ineligible for application of credits to his sentence.  *Id.* at 4, 6.  Instead, Petitioner asserts Judge Mitchell "misunderstands the relief that [he] requests," and he only wants the BOP to "calculate" or "award" any time credits earned thus far so he can obtain "reward[s] or incentives" he is entitled to under the FSA, namely "transfer to an institution closer to [his] release address."  *Id.* at 4-5.

---

[1] Judge Mitchell correctly notes the Court has jurisdiction even though Petitioner has been transferred to another facility because he was being held at the FTC in Oklahoma City on April 10, 2022 when he gave his Petition to FTC officials for mailing.  *See id.* at 4-5.  She also correctly finds exhaustion would be futile because the BOP has made clear (via the Declaration attached to the Motion to Dismiss) it will not apply FSA credits to Petitioner's sentence until the amount of earned credits is equal to his remaining imposed term of imprisonment, which would be sometime in 2039.  *Id.* at 9-10.

[2] Petitioner also asserts he did exhaust all administrative remedies, but that discussion is irrelevant due to Judge Mitchell's finding that exhaustion would be futile.

3

As set forth, the "misunderstand[ing]" Petitioner refers to is not actually an objection to the R&R, and he specifically concedes Judge Mitchell's conclusion is correct. Accordingly, Petitioner failed to make a proper objection which would trigger the Court's de novo review. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been *properly* objected to." (emphasis added)); *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely *and specific* to preserve an issue for de novo review by the district court . . ." (emphasis added)). In any event, the Court concurs with Judge Mitchell's analysis in the R&R and adopts the same.

Moreover, the "misunderstand[ing]" Petitioner describes in his Objection appears to be the product of Petitioner changing his position, or a failure to adequately plead the claim he now states he intended to assert. There is no discussion in the Petition regarding any FSA rewards or incentives sought, let alone the more specific request for transfer to a facility closer to Petitioner's release address. *See* [Doc. No. 1]. In the Petition, he solely refers to time credits "reducing [his] sentence by one year" and seeks "an injunction compelling the BOP to immediately calculate and award [him]" with "one year" of time credits. Pet. [Doc. No. 1] at 6-7.

Accordingly, to the extent Petitioner intended to seek an award of FSA credits solely to obtain rewards or incentives such as transfer, his Petition fails to adequately assert a claim for such relief. *See Crosby v. True (Crosby IV)*, No. 21-1003, 2021 WL 5647770, at *2 (10th Cir. Dec. 1, 2021) (affirming dismissal of a § 2241 petition for failure to

"adequately assert a claim based on time credits for [FSA evidence-based recidivism reduction] programming" where the "application did not demand relief in the form of time credits"); *see also* Rule 2(c), Rules Governing Section 2254 Cases (a habeas petition must "specify *all* the grounds for relief available to the petitioner," "state the facts supporting each ground," and "state the relief requested." (emphasis added)); Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . [and] a demand for the relief sought"); *id.* at 8(d)(1) ("Each allegation must be simple, concise, and direct.").[3]

Finally, even if it had been properly asserted in the Petition, Petitioner's request for an award of credits solely for purposes of rewards or incentives under the FSA—i.e., transfer to a facility closer to his release residence—relates solely to his conditions of confinement and is therefore not an appropriate claim for relief under 28 U.S.C. § 2241. *See Crosby v. True ("Crosby I")*, 826 F. App'x 699, 700-01 (10th Cir. 2020) (affirming dismissal of "closer to home" transfer request pursuant to the FSA as not cognizable in a § 2241 petition); *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1035-39 (10th Cir. 2012) (holding the district court lacked jurisdiction under § 2241 to consider the petitioner's claim for a change in the place of his confinement); *Sandifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil

---

[3] The Habeas Rules may be applied to actions filed under § 2241. *See* Habeas Rules, Rule 1(b); *see also Crosby IV*, 2021 WL 5647770 at *1 n.1. Those Rules also provide: "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Habeas Rules, Rule 12.

rights lawsuits . . . not through federal habeas proceedings."); *Wilson v. FMC Lexington*, No. CV 5:23-173-DCR, 2023 WL 5945876, at *1 (E.D. Ky. Aug. 14, 2023) (dismissing the petitioner's § 2241 action seeking transfer under the FSA because she "does not seek immediate or earlier release from custody" and the "challenge to the place of her incarceration is a claim that must be pursued, if at all, through a civil rights action"). Accordingly, Petitioner's claim would be subject to dismissal even if it had been properly asserted in the Petition.

## III. Conclusion

In sum, the Court finds Plaintiff has failed to state grounds for habeas relief, and his § 2241 Petition is therefore dismissed.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 21] is ADOPTED as supplemented herein. The Petition [Doc. No. 1] is DISMISSED.[4] A separate judgment shall be entered.[5]

---

[4] The R&R recommends denial of the Petition, but the Court finds dismissal more appropriate under the circumstances. *See Dailey v. Pullen*, No. 3:22-CV-1121, 2023 WL 3456696, at *5 (D. Conn. May 15, 2023) (dismissing, without prejudice, a § 2241 petition seeking application of FSA credits because the amount of credits were "not yet equal to the remainder of [petitioner's] imposed term of imprisonment" and it was therefore "not a problem that that the Court can compel the BOP to solve at this time."); *Crosby I*, 826 F. App'x. at 700-701 (affirming dismissal without prejudice of a § 2241 petition seeking transfer pursuant to the FSA); *Crosby IV*, 2021 WL 5647770 at *1-3 (affirming dismissal of a claim for FSA credits for failure to comply with pleading standards applicable in § 2241 cases).

[5] Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") when entering a final order adverse to a petitioner. However, "a federal prisoner ... does not need a COA to appeal a final judgment in a § 2241 case." *Eldridge v. Berkebile*, 791 F.3d 1239, 1241 (10th Cir. 2015). Accordingly, the Court need not consider a COA in this case.

IT IS SO ORDERED this 4th day of April, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE